OPINION OF THE COURT
FUENTES, Circuit Judge.
This appeal came to this Court from an order of the District Court which had refused to reopen an earlier District Court ruling made by Judge Barry, who at that time had been on the District Court before she became a member of this Court. See Gibbons v. Anton Noll, Inc., No. 99 Civ. 334, slip op. at 7 (D.N.J. Apr. 23, 2002).
We were satisfied that the settlement at issue between the Trustee and Fry’s Metals, Inc. (“Fry’s”) should not be approved or disapproved until the Bankruptcy Court had applied the factors set forth in In re Martin, 91 F.3d 389 (3d Cir.1996), as ordered by this Court in In re RFE Industries, 283 F.3d 159 (3d Cir.2002) (“RFE n.
In short, we were satisfied that the law of the case required the Martin factors, with the modifications suggested in RFE I, to be applied by the Bankruptcy Court, and to that extent, we were prepared to affirm Judge Cavanaugh’s ruling, even though we relied on a different ground. See, e.g., PAAC v. Rizzo, 502 F.2d 306, 308 n. 1 (3d Cir.1974), cert. denied, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).
Prior to informing the Bankruptcy Court and the parties of this disposition, the Bankruptcy Court complied with the mandate of RFE I, and in an oral decision on February 7, 2003, the Bankruptcy Court applied the Martin factors as modified by RFE I; again disapproved of the settlement; determined that the creditors were paid in full; that the bankruptcy proceeding was over; discharged the Trustee; and stated that the case would not be heard in the Bankruptcy Court. That order was entered by Bankruptcy Judge Stern on February 19, 2003.
The bankruptcy proceeding that we would have ordered, having taken place before our opinion was filed, has raised the question whether the appeal that has been pending from Judge Cavanaugh’s order should be dismissed as moot.
*502 Because we have had no input from the parties on this latter question, it is now hereby ORDERED that counsel for Fry’s, the appellant, show cause as to why we should not dismiss the appeal of Judge Cavanaugh’s order as moot, or advise as to a different disposition. The order to show cause need not be responded to orally, unless after having heard from both parties, the Court so orders. We will require that a written memorandum setting forth Fry’s position be served and filed with the Clerk of Court in Philadelphia no later than noon, Friday, March 21, 2003, and that the response thereto of appellee RFE Industries, Inc. (now known as Metallix, Inc.) be served and filed no later than noon, Wednesday, March 26, 2003.