

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2003

# In Re: RFE Ind

Precedential or Non-Precedential: Non-Precedential

Docket 02-2451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re: RFE Ind " (2003). *2003 Decisions.* Paper 537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2451
_____

IN RE: RFE INDUSTRIES,
                              Debtor

JOHN J. GIBBONS, TRUSTEE FOR THE ESTATE OF
RFE INDUSTRIES, INC.

v.

ANTON NOLL, INC.; FRY'S METALS, INC.;
WESTBURY ALLOYS, INC.

FRY'S METALS, INC.,
                              Defendant/Third-Party Plaintiff

v.

SPARFVEN & CO., INC; MICHAEL SPARFVEN;
CAMERON & MITTLEMAN, LLP,
                              Third-Party Defendants

FRY'S METALS, INC.,
                              Appellant
_____Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 99-cv-00334)
District Judge: The Honorable Dennis M. Cavanaugh
_____

Argued on December 10, 2002
Before: FUENTES and GARTH, Circuit Judges, and WALLACH,* Judge

(Opinion Filed: May 22, 2003)
_____

* The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation.

——————————————————

Jonathon I. Rabinowitz (argued)
Booker Rabinowitz Trenk Lubetkin &
Tully, P.C.
100 Executive Drive, Suite 100
West Orange, NJ 07052-3303

*Attorney for Appellant*

Michael A. Saffer (argued)
Chapman, Kessler, Peduto & Saffer
425 Eagle Rock Avenue
P.O. Box F
Roseland, NJ 07068

*Attorney for Appellee*

——————————————————

OPINION OF THE COURT
——————————————————

FUENTES, Circuit Judge.

This is an appeal from the denial of the motion of appellant, Fry's Metals, Inc. ("Fry's"), to reopen a case in the District Court. In that earlier case, the District Court had denied a motion to withdraw the reference of an adversary proceeding in bankruptcy pursuant to 28 U.S.C. § 157(d). The case thus remained in the Bankruptcy Court.

The District Court denied the motion to reopen the matter, and Fry's appeals. As a result of recent intervening events–namely, the Bankruptcy Court's disposition of a motion to approve a settlement in the same adversary proceeding which Fry's seeks to reopen here–there no longer exists a basis for federal court jurisdiction. As a consequence, we lack jurisdiction to review Fry's appeal. For the reasons set forth below, we will dismiss Fry's appeal.

2

# I.

As we intimated in our recent Order of March 14, 2003, <u>In re RFE Industries</u>, No. 02-2451, 2003 WL 1228017 (3d Cir. Mar. 14, 2003), this case has a complex procedural history. The case originated in the United States Bankruptcy Court for the District of New Jersey, when RFE Industries, Inc. ("RFE")[1] filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code on August 19, 1997. Shortly thereafter, RFE sold a part of its operations to a third party, Anton Noll, Inc. ("Anton"), in a transaction that was approved by the Bankruptcy Court on October 27, 1997. The operations consisted of a metal refining and processing business known as the "MFE Division."

On November 10, 1997, the Bankruptcy Court appointed John J. Gibbons as Chapter 11 Trustee (the "Trustee") of the debtor's estate. On February 13, 1998, Anton sold the MFE Division to Fry's and another entity, Sparfven & Co., Inc. ("Sparfven"), for substantially more than Anton had originally paid RFE.[2] Furthermore, Fry's and Sparfven refused to pay certain royalties that had been agreed upon in the sale of the MFE Division from RFE to Anton.

On May 13, 1998, the Trustee instituted an adversary proceeding in the Bankruptcy Court against Fry's and others, alleging breach of contract, breach of the covenant of good faith and fair dealing, conversion, fraud, negligent misrepresentation, and tortious interference in connection with the non-payment of royalties. On January 15,

---

[1] RFE is now known as Metallix, Inc. ("Metallix"). In our review of the procedural history, we continue to refer to the original debtor as RFE, when appropriate.

[2] When Anton initially acquired the MFE Division, it paid $400,000 to RFE and agreed to pay royalties estimated to be as much as $360,000 per year. When Anton sold the MFE Division to Fry's and others, it received $950,000. <u>See</u> <u>In re RFE Industries, Inc.</u>, 283 F.3d 159, 162 (3d Cir. 2002) ("<u>RFE I</u>").

1999, Fry's and the other defendants in the adversary proceeding filed a motion to withdraw the reference of the matter pursuant to 28 U.S.C. § 157(d), seeking a trial on the merits of the dispute in the United States District Court for the District of New Jersey. The motion was heard by the Honorable Maryanne Trump Barry before her appointment to this Court. Although the District Court found cause to withdraw the reference, it denied the motion without prejudice to refiling when the matter was trial-ready. See In re RFE Industries, Inc., No. 99 Civ. 334, slip op. at 7-9 (D.N.J. Mar. 24, 1999). The case was closed for administrative purposes.

Apart from Fry's failed attempt to withdraw the reference of the adversary proceeding, the parties were also pursuing a negotiated disposition of the dispute. In the months following Judge Barry's denial of the motion to withdraw the reference, the Trustee and the defendants in the adversary proceeding reached a tentative settlement. See In re RFE Industries, Inc., No. 99 Civ. 334, slip op. at 2 (D.N.J. Apr. 23, 2002) (Cavanaugh, J.).[3]

On yet another related track, the underlying bankruptcy petition of RFE proceeded in the normal course. RFE was successful in challenging some claims and settling others. Ultimately, RFE was able to pay its creditors in full, and the Bankruptcy Court entered an order dismissing RFE's case on November 29, 1999. See id. The Bankruptcy Court expressly retained jurisdiction to enforce the proposed settlement between the Trustee and the defendants in the adversary proceeding. Nevertheless, after the dismissal of the underlying bankruptcy case, the Court denied approval of the proposed settlement. Fry's

_____

[3] After Judge Barry's appointment to this Court, the matter was transferred to the docket of the Honorable Dennis M. Cavanaugh.

4

appealed the denial of the settlement to the District Court, which affirmed. Subsequently, Fry's appealed that judgment to this Court, which gave rise to our first decision in this matter in RFE I, 283 F.3d at 163.

Separately, Metallix, having succeeded RFE, brought an action in New Jersey state court on May 23, 2000, alleging substantially the same claims asserted by the Trustee in the adversary proceeding. Metallix's state court action was dismissed without prejudice to reinstatement pending the various federal court proceedings.

While the appeal in RFE I was pending, Fry's nevertheless filed a motion on July 31, 2001, in the District Court to reopen the matter denied by Judge Barry earlier. The District Court denied Fry's motion in an opinion filed on April 23, 2002. See In re RFE Industries, Inc., No. 99 Civ. 334, slip op. at 7 (D.N.J. Apr. 23, 2002) (Cavanaugh, J.) ("RFE II"). Between the filing of the motion to reopen and the District Court's entry of judgment denying the same, another panel of this Court issued its decision in RFE I, holding that the Bankruptcy Court had erred in denying the proposed settlement without applying the factors set forth in In re Martin, 91 F.3d 389 (3d Cir. 1996). See RFE I, 283 F.3d at 165. The case was remanded to the Bankruptcy Court for further proceedings consistent with our opinion in RFE I.[4]

Subsequently, while the appeal in RFE II was pending before us, the Bankruptcy Court addressed the proposed settlement on remand. This time, it applied the Martin factors, and again on February 7, 2003, the Bankruptcy Court denied the settlement tentatively reached between the Trustee and Fry's.

---

[4] We are of the impression that neither party informed Judge Cavanaugh of our decision in RFE I.

In light of the Bankruptcy Court's most recent denial of the proposed settlement, the threshold issue is whether there exists any jurisdictional basis upon which the present matter may proceed. As we have noted in the past, "[a]s a general rule, the dismissal of a bankruptcy case should result in the dismissal of 'related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the underlying nexus between the underlying bankruptcy case and the related proceedings." In re Smith, 866 F.2d 576, 580 (3d Cir. 1989); see also In re Pruitt, 910 F.2d 1160, 1170 (3d Cir. 1990) (Mansmann, J., concurring) ("It [is] only 'common sense' that withdrawal must occur prior to dismissal of the bankruptcy proceeding. . . . [U]pon the final disposition of a core proceeding, a district court must proceed under its appellate jurisdiction.") (citations omitted). This is especially true when a party in an adversary proceeding attempts to withdraw a matter that originated in bankruptcy proceedings to the District Court long after the underlying bankruptcy case is dismissed and after all bankruptcy-related proceedings have concluded.

As Bankruptcy Judge Stern remarked in his denial of the proposed settlement on remand, all of the bankruptcy proceedings, including our remand in RFE I, have concluded: "[t]he bankruptcy proceeding is over. The Trustee is discharged with the gratitude of the Court. The creditors are paid in full. The case will not be tried in this Court." In re RFE Industries, Inc., No. 97-2964 (Bankr. D.N.J. Feb. 7, 2003) (transcript of decision). All that remains, then, is a dispute which originated as an adversary proceeding, detached from the bankruptcy case that gave rise to it. The conclusion of the bankruptcy case caused the bankruptcy basis for federal jurisdiction to cease to exist.

6

There is no independent source of jurisdiction under which federal subject matter jurisdiction exists, inasmuch as the dispute is between New Jersey citizens who are not diverse and relates solely to state law causes of action.[5]

Given the final disposition of all bankruptcy proceedings on February 7, 2003, there is no jurisdictional basis for entertaining Fry's motion in federal court. As a result, we have no jurisdiction over Fry's appeal. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 21 (1994) (in general, "a case must exist at all the stages of appellate review" for an appellate court to exercise jurisdiction). Any assertion of continuing jurisdiction over the matter would also contravene Smith and Pruitt.

**III.**

For the reasons set forth above, we will dismiss Fry's appeal.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


/s/ Julio M. Fuentes
Circuit Judge

---

[5] The litigants are also not without recourse here. Metallix and Fry's may reinstate the state court action and either reach the merits or pursue a negotiated disposition as they have previously attempted. We understand that a state action between Metallix and Fry's remains pending and is available to the parties to resolve their dispute.